UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BAYER CROPSCIENCE LP, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:23-cv-01417-SEP |
| ) | |
| JIMMY B. CALDER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Before the Court is Monsanto Company and Bayer CropScience LP's Motion for Default Judgment against Defendant Jimmy B. Calder. Doc. [15]. For the reasons set forth below, the motion is granted.

**I.  Factual and Procedural Background**

The following facts, taken as true, are alleged in the Complaint.[1] On March 16, 2023, Defendant and Plaintiffs entered into a Technology Services Agreement (TSA). In exchange for granting Defendant a limited license to use Plaintiffs' patented seed technology, the TSA placed various requirements on Defendant's farming operations, including the requirement that he was to "use Seed solely for a single planting of a commercial crop[.]" Doc. [1-3]. Plaintiffs' Roundup Ready 2 Xtend® and XtendFlex® soybean seed technology (which also contain Roundup Ready 2 Yield® seed technology) are patented by, among others, U.S. Patent Nos. 9,944,945 (the "'945 patent") and 7,838,729 (the "'729 patent'). Doc. [1] ¶ 1. Plaintiffs marked its products with these patents and provided Defendant with notice of the patents. *Id*. ¶ 27. During at least the 2023 soybean season, Defendant breached the TSA and infringed Plaintiffs' patents when he planted soybean seeds containing Plaintiff's Roundup Ready 2 Xtend® and/or XtendFlex® patented technology that had been saved from a prior year's harvest of Roundup Ready 2 Xtend® and/or XtendFlex® soybeans. *Id*. ¶¶ 32-33.

Defendant's saving and planting of seed containing Plaintiff's Roundup Ready 2 Xtend® and/or XtendFlex® technology was corroborated in the declaration of Glenn Pace, Jr. Doc. [5-2]. Investigator Pace witnessed Defendant planting soybean seed from mini-bulk bags that were not purchased through an authorized commercial sale but were rather retrieved from a

---

[1] On a motion for default judgment, the Court must accept as true the facts alleged in the Complaint. *See Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (defendant has no standing to contest the factual allegations in a complaint once the clerk has entered default).

seed cleaner in nearby Nichols, South Carolina. *Id*. The mini-bulk bags were conspicuously labeled with Defendant's name as well as the name of the seed cleaner. Defendant was seen, immediately thereafter, transferring seed from the mini-bulk bags to his planter and planting the seed. *Id*. Upon being confronted with the facts in the Complaint, Defendant admitted that he intentionally planted saved seeds containing Bayer technology. *See* Doc. [16-2].

On November 6, 2023, Plaintiffs filed the Complaint for Damages and Injunctive Relief, Doc. [1], and Motion for Ex Parte Temporary Restraining Order[2] and Expedited Discovery, Doc. [5], alleging that Defendant had violated the terms of the TSA, infringed Plaintiffs' patents, and sought to imminently destroy evidence of his infringement. Defendant's answer to the Complaint was due by no later than July 21, 2023. Clerk's Entry of Default was entered against Defendant on October 16, 2024. Doc. [17]. As of the date of this Order, Defendant has not filed an answer or otherwise contested the Complaint. Additionally, Defendant has not responded to the entry of default or to the motion for default judgment.

## II.     Legal Standard

The entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b), but whether to grant default judgment is a separate question within the discretion of the Court. *Weitz Co., LLC v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012). Under Federal Rule of Civil Procedure 55(a), a court may enter default judgment for failure "to plead or otherwise defend." "In considering a motion for default judgment, the Court is mindful that, by defaulting, defendant is deemed to have admitted for purposes of this action all well-pleaded factual allegations in the complaint." *Rankin v. National Credit Works II, LLC*, 2011 WL 5222601, at *1 (E.D. Mo. Nov. 2, 2011) (citing *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir. 1988)). The Court therefore accepts Plaintiff's allegations as true, except for those relating to the amount of damages. *See Greater St. Louis Const. Laborers Welfare Fund v. AbatePro, Inc.*, 2018 WL 5849980 at *1 (E.D. Mo. Sept. 6, 2018) (quotation omitted) (After default has been entered, "the allegations of the complaint, except as to the amount of damages are taken as true."). For purposes of determining the amount of damages, the Federal Rules provide:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs

---

[2] The Court granted the motion for TRO on November 7, 2023. Doc. [10].

> against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1).

**III.    Discussion**

Taking the allegations in the Complaint as true, Defendant Calder's unauthorized saving and planting of saved seed makes him liable for both breach of the March 2023 TSA and infringement of the '945 and '729 patents. By way of affidavit, Plaintiffs have also demonstrated that the amount of liquidated damages to which they are entitled is $235,967.50 (943.87 units of saved soybeans planted in 2023 multiplied by the liquidated damages amount of $250/unit). *See* Doc. [16-3].

The TSA's liquidated damages provision, § 3(f)(2), states in part: "The parties agree that patent infringement and/or breach of contract damages are difficult to calculate, and agree that for . . . soybean . . . Seed that has been saved and planted by [Defendant], the reasonable royalty for patent infringement and/or breach of contract damages shall be $250 per unit of soybean Seed[.]" Doc. [1-3]. Under Missouri law, a liquidated damages provision is enforceable if "'(a) the amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and (b) the harm that is caused by the breach is one that is incapable or very difficult of accurate estimation.'" *Arcese v. Daniel Schmitt & Co.*, 504 S.W.3d 772, 778 (Mo. Ct. App. 2016) (citing Restatement (First) of Contracts § 339); *see also Paragon Grp., Inc. v. Ampleman*, 878 S.W.2d 878, 880 (Mo. Ct. App. 1994).

The estimated reasonable royalty of $250 per unit of saved soybeans is a reasonable approximation of probable damages. Using the results of a hypothetical negotiation between the Plaintiffs and Defendant and the fifteen non-exclusive factors[3] set forth in *Georgia-Pacific*

---

[3] Courts look to the 15 factors set out in *Georgia–Pacific Corp. v. U.S. Plywood Corp.,* 318 F. Supp. 1116 (S.D.N.Y. 1970) to determine a reasonable royalty using the hypothetical negotiation approach: (1) royalties that a patentee receives for the patent in suit; (2) rates licensee pays for use of other comparable patents; (3) nature and scope of the license; (4) the licensor's established policy regarding licensing of its technology; (5) commercial relationship between the parties; (6) effect on and extent of derivatives or convoyed sales; (7) duration and term of license; (8) established profitability of the product made under the patent, its commercial success, and popularity; (9) utility and advantage of the patented article over old modes; (10) nature of patented invention; character of commercial embodiment of the patent as owned or produced by the licensor; (11) extent to which infringer has made use of invention; (12) portion of profit or selling price customarily allowed; (13) portion of realizable profit attributable to invention; (14) the opinion testimony of qualified experts; (15) the amount a willing licensor and licensee would agree upon at the time of infringement, had both been reasonably and

*Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), Plaintiffs' expert, Mark E. Hoffmann, calculated a reasonable royalty of $307 per unit of saved soybeans for 2022.  *See* Doc. [16-4] at 40; *see also Rite–Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995) (holding that when no royalty rate has been established, "a royalty may be based upon . . . the supposed result of hypothetical negotiations between the plaintiff and defendant."); *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201 (Fed. Cir. 2014) (a reasonable royalty is typically determined under the *Georgia-Pacific* factors).  Although Hoffman's estimate is based on the saving of soybeans in Missouri from 2020 to 2022, the soybeans used for Hoffman's analysis contained the same patented technologies as the soybeans at issue here.  Additionally, Hoffman concluded that "[b]ased on [his] past experience" the $250 per unit of saved soybeans specified in Plaintiffs' liquidated damages clause "is likely less than what a full analysis would bear out" and as such is a reasonable forecast of just compensation for the harm that was caused by Defendant.  *See* Doc. [16-4] at 2; *see also Standard Imp. Co. v. DiGiovanni*, 768 S.W.2d 190, 193 (Mo. Ct. App. 1989) (Fenner, J. concurring) ("As long as the amount is not an unreasonable forecast of probable damages and is not disproportionate to the amount of damages which could probably result, liquidated damages should be enforced."); Restatement (Second) of Contracts § 356, cmt. b ("The amount fixed is reasonable to the extent that it approximates the actual loss that has resulted from the particular breach[.]").  The Court finds Hoffmann's methodology to be a sound approach to calculating a reasonable royalty.

In addition to damages for Defendant's breach of the TSA, Bayer CropScience is also entitled to a permanent injunction under Section 3(f)(2) of the 2023 TSA.  *See* Doc. [1-3] ("If [Defendant] is found by any court to have breached any term of this Agreement . . . [Defendant] agrees that, among other things, Bayer . . . shall be entitled to preliminary and permanent injunctions enjoining [Defendant] and any individual and/or entity acting in concert with or on [Defendant's] behalf from making, using, selling, or offering Seed for sale."); *see also Monsanto Prod. Supply LLC v. Rosentreter*, 2017 WL 4284566, at *4 (C.D. Ill. Sept. 27, 2017) (granting permanent injunction and prohibiting defendant from making, using, selling, or offering to sell any of the patented crop technologies).

---

voluntarily trying to reach agreement, including the amount of profit the licensee would be willing to contribute to the license.  *Id.*

4

Finally, Plaintiffs have established they are entitled to costs and interest. Defendant's executed TSA specifies that "[i]f [Defendant] is found by any court to have infringed one or more of the U.S. patents or PVPs covering Bayer Technologies, or otherwise to have breached this Agreement, [Defendant] agrees to pay Bayer its attorneys' fees and costs related to the case plus any other expenses incurred in the investigation of the breach and/or infringement." *Id*. Additionally, under Missouri law, "[c]reditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable." Mo. Rev. Stat. § 480.020. Under the terms of the TSA, Defendant owes Plaintiffs $235,967.50 in liquidated damages. *See* Doc. [1-3]. And, because Defendant breached the TSA when he first planted the saved seed on June 10, 2023, Plaintiffs are entitled to $20,049.16 in interest. In total, Plaintiffs have shown that they are entitled to $256,016.66 in damages from Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment, Doc. [15], is **GRANTED**.

**IT IS FURTHER ORDERED** that default judgment is hereby entered in favor of Plaintiffs Monsanto Company and Bayer CropScience LP and against Defendant Jimmy B. Calder in the amount of $256,016.66, plus additional interest of 0.0246575% per diem until the judgment is satisfied.

**IT IS FINALLY ORDERED** that Defendant is permanently enjoined from making, using, saving, planting, selling, offering to sell, importing, or otherwise transferring any of Plaintiffs' patented technologies, without express written permission from Plaintiffs.

Dated this 13th day of November, 2024.

                                                                                    _____
                                                                                    SARAH E. PITLYK
                                                                                    UNITED STATES DISTRICT JUDGE